IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

Petitioner,

v.  Civil Action No. 3:11CV230

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF CORRECTIONS,

Respondent.

## MEMORANDUM OPINION

By Memorandum Order entered on June 28, 2011, the Court conditionally filed Petitioner's 28 U.S.C. § 2254 petition. Petitioner has complied with the terms of the prior Memorandum Order. Upon review of Petitioner's request to proceed *in forma pauperis* and his inmate account, the Court will ORDER that Petitioner's applications to proceed *in forma pauperis* (Docket Nos. 5, 8) be GRANTED and the petition be FILED.

The Court reviews Petitioner's submission under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Because "it plainly appears from the petition . . . that the petitioner is not entitled to relief," the Court will "dismiss the petition." (Rule 4.)

### A. Claim One

"'It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus' while challenges to the conditions of one's confinement are properly brought as civil rights actions." *McCain v. Garrity*, No. 3:02CV435, 2002 WL 32362032, at *1 (E.D. Va. July 16, 2002) (*quoting Plyer v. Moore*, 129 F.3d 728, 733

(4th Cir. 1997). In Claim One, Petitioner complains of the conditions of his confinement at Sussex I State Prison. He alleges that he has been assaulted by correctional officers. Claim One does not allege that Petitioner is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).[1] Accordingly, Claim One will be DISMISSED WITHOUT PREJUDICE. The Clerk will be DIRECTED to send Petitioner the standardized forms for submitting a civil rights action pursuant to 42 U.S.C. § 1983.

### B. Claims Two and Three

In Claim Two, Petitioner asserts:

> I'm not a violent person [and] I don't have a violent record. I don't carry/own a weapon. I don't deal/do drugs. I have nothing that even remotely relates to a sex crime. My conviction[s] are within a two year span from having been put through a lot of hell, growing up I did not hurt anybody, I did not even attempt to. I caused very little damage to property.

(§ 2254 Pet. 7.)[2] In Claim Three, Petitioner asserts:

> I was 19 years old when I began this incarceration. I have the will [and] desire to be successful in my life [and] do a lot of real good things with my life. I only want to put this behind me. I've been incarcerated for over three years now. I need to move on. This incarceration is only harming/hindering me.

(§ 2254 Pet. 9.) These claims do not suggest that Petitioner is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Accordingly, Claims Two and Three will be DISMISSED. Petitioner's application for a writ of habeas corpus (Docket No. 4)

---

[1] Petitions for habeas corpus brought pursuant to 28 U.S.C. § 2254 must be filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

[2] Capitalization, punctuation, and spelling are corrected in quotations to Petitioner's submissions.

will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order will accompany this Memorandum Opinion.

And it is so ORDERED.

Date: 8-1-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.